UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAYMOND ANTHONY BIRNBAUMER, HOLLY GLADYS STEWART,<br><br>Plaintiffs,<br><br>v.<br><br>LYNN H. BROCK, ROSEMARY E. BROCK, DOES I through V, inclusive,<br><br>Defendants. | Case No.  5:14-cv-03064 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |

    Defendant Rosemary E. Brock removed this unlawful detainer action from the Santa Cruz County Superior Court. For the reasons stated below, the undersigned recommends that this matter be remanded to state court.

    Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendant fails to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. Here, plaintiffs' complaint presents a claim arising only under state law. It does not allege any federal claims whatsoever. Allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction.

Nor does this court find any basis for diversity jurisdiction. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. §1332. The complaint indicates that the amount demanded does not exceed $10,000. Moreover, unlawful detainer actions involve the right to possession alone, not title to the property. So, the fact that the subject property may be worth more than $75,000 is irrelevant. MOAB Investment Group, LLC v. Moreno, No. C14-0092EMC, 2014 WL 523092 at *1 (N.D. Cal., Feb. 6, 2014); Maxwell Real Estate Investment LLC v. Bracho, No. C12-02774RMW, 2012 WL 2906762 at *1 (N.D. Cal., July 13, 2012). And, in any event, the record indicates that defendant is a California citizen. (See Dkt. 1-1). An action may not be removed on the basis of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); see also Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

There being no basis for federal jurisdiction over plaintiffs' unlawful detainer action, the removal of this case was improper. Defendant is advised that future attempts to remove this matter may result in sanctions.

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further

2

1  RECOMMENDS that the newly assigned judge remand the case to the Santa Cruz County
2  Superior Court.  Any party may serve and file objections to this Report and Recommendation
3  within fourteen days after being served.  Fed. R. Civ. P. 72.
4  Dated:   July 14, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

5:14-cv-03064-HRL Notice sent by U.S. Mail to:

Todd Rothbard
100 Saratoga Avenue #200
Santa Clara, CA 95051

    Plaintiffs' Counsel

Rosemary E. Brock
25830 Adams Road
Los Gatos, CA 95033

    Pro Se Defendant

4